MATILDA L. BOEHM *et al.*

*v.*

ANDREW J. BALDWIN *et al.*

*Opinion filed April 17, 1906.*

1. WILLS—*presumption of law is against intestacy.* In determining the intention of the testator, the presumption of law is that he intended by his will to dispose of all his property and to leave none as intestate estate.

2. SAME—*rule in Wild's case does not apply in Illinois.* In Illinois, where our statute gives a fee unless the contrary appears, the rule in *Wild's case,* which in certain cases enlarges, by construction, a life estate into an estate tail, does not apply. (*Davis* v. *Ripley,* 194 Ill. 399, adhered to.)

3. SAME—*will construed as devising an estate in fee.* Where a will devises land in fee to the testator's son alone, without any limitation over upon failure of issue, but provides that in the event he should have children by his wife they should be tenants in fee with him, an estate in fee simple passes to the son subject to the provision admitting his children as tenants in common, and the fact that there are no children does not cut down the fee to a life estate.

WRIT OF ERROR to the Circuit Court of Greene county; the Hon. O. P. THOMPSON, Judge, presiding.

J. M. RIGGS, and THOMAS HENSHAW, for plaintiffs in error:

A devise to two daughters "and their children" vests said daughters with the fee title to the land devised, and if no children are born to them the will is inoperative as to their children. *Davis* v. *Ripley,* 194 Ill. 399.

Where a fee is given by one part of a will it is not cut down to a less estate by another part unless an intention to cut it down appears clearly and unequivocally. *Kohtz* v. *Eldred,* 208 Ill. 60.

The presumption is that a testator intends by his will to dispose of all his property and to leave none intestate. *Biggerstaff* v. *VanPelt,* 207 Ill. 611; *Vestal* v. *Garrett,* 197 id.

398; *Whitcomb* v. *Rodman,* 156 id. 116; *Higgins* v. *Dwen,* 100 id. 554; *King* v. *King,* 168 id. 273; *Minkler* v. *Simons,* 172 id. 323.

The disposition of the courts, founded on public policy, is to favor such a construction as will give the absolute fee to the first taker, so as not to tie up property and prevent its alienation. *Bradsby* v. *Wallace,* 202 Ill. 239; *Davis* v. *Ripley,* 194 id. 399; *Giles* v. *Anslow,* 128 id. 187; *Leiter* v. *Sheppard,* 85 id. 242.

The devise in the case at bar was to Elias V. Baldwin and his children. If at testator's death there had been a living legitimate child of Elias V., it and he would have taken the devise in fee as tenants in common. There being no such child Elias V. took the fee. *Faloon* v. *Simshauser,* 130 Ill. 649.

BELL & BURTON, and FRANCIS E. BALDWIN, for defendants in error:

A will should receive such a construction as shall give force and effect to every word, phrase and clause; and if a prior clause and a subsequent clause are seemingly inconsistent or repugnant, the prior clause shall be restrained or modified by the subsequent clause, so as to harmonize the whole. *Hamlin* v. *Garland,* 107 Ill. 443; *Siddons* v. *Cockrell,* 131 id. 653.

The court may restrict or decrease the prior clause, so as to harmonize and give effect to the apparently repugnant provisions and effectuate the intention of the testator. *Healy* v. *Eastlake,* 152 Ill. 424; *Johnson* v. *Johnson,* 98 id. 564.

The heir-at-law is not to be disinherited unless the intent to do so is very clearly expressed. 1 Redfield on Wills, sec. 18, p. 434.

A fee simple is a pure inheritance, clear of any qualification or condition, and it gives the right of succession to all the heirs generally. 1 Blackstone's Com. (Cooley's 2d ed.) 394; 4 Kent's Com. (12th ed.) 5.

A determinable fee may end at the death of the first taker without children, when the condition or qualification annexed is that he have children. *Friedman* v. *Steiner,* 107 Ill. 125; *Bradsby* v. *Wallace,* 202 id. 239.

A devise to one and his children, there being no children at the death of the testator, confers on the first taker an estate for life. *Carr* v. *Estill,* 61 B. Mon. 349; *Hague* v. *Hague,* 161 Pa. St. 643; *Fletcher* v. *Tyler,* 92 Ky. 145; *Weaver* v. *Weaver,* 92 id. 491; *Mefford* v. *Dougherty,* 89 id. 58.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Benjamin Baldwin, of Greene county, died February 16, 1865, leaving a widow and ten children and the children of a deceased daughter as his heirs-at-law. He left a last will and testament by which he provided for his widow and disposed of his estate, devising various tracts of land to his children and grandchildren. The fifth item of the will was as follows:

"*Item 5th*—I give and bequeath unto my son, Elias V. Baldwin, one hundred and thirty acres of land on which he now resides, it being the east half of the 260 acres spoken of in the fourth item of this will, the whole tract is described as follows, to-wit (describing the land). I also give to E. V. B. forty acres, he having paid some part of the purchase money, it lying in the south-west corner of sec. (16) T. and R. above, said land as above described is given to Elias V. Baldwin and his children provided he should have children, by his wife. But if he and his wife should have no children together and Elias should die before his wife she shall be entitled to one-third part of the proceeds of said farm, so long as she remains his widow. But if she should marry another man, her interest must cease in the premises from and after said marriage."

Elias V. Baldwin was in possession of the land mentioned in item 5 when the will was made, as stated therein, and con-

tinued in such possession until February 26, 1904, when he died, leaving a will disposing of his estate, and devising to his widow, Mary Baldwin, one of the plaintiffs in error, all his real estate for life, with power to sell and dispose of the same for her support and maintenance. The widow of Benjamin Baldwin is also dead, and the forty-acre tract mentioned in his will became the property in fee simple of Elias V. Baldwin through another source than said will. The tract of one hundred and thirty acres passed to Elias V. Baldwin under the will, and he and his wife, Mary Baldwin, mentioned in the will, never had any children. After the death of Elias V. Baldwin, the defendants in error, heirs-at-law of Benjamin Baldwin, filed their bill for partition in the circuit court of said county, setting up the will of Benjamin Baldwin as the source of their title, and claiming that under said will they were the owners in fee simple of said land, subject to the right of Mary Baldwin to one-third of the proceeds of the land so long as she should remain the widow of Elias V. Baldwin. The widow has not re-married, and she and the executor of her husband's will, plaintiffs in error, by their answer denied that the title to the land was vested in the heirs-at-law of Benjamin Baldwin, and insisted that the will devised the land in fee simple to Elias V. Baldwin. The decision turned upon the construction of the will of Benjamin Baldwin, and defendants in error contended that inasmuch as Elias V. Baldwin had no children he was invested by the will with a life estate only; that no remainder in fee was disposed of by the will, and that a reversion in fee remained in the heirs of the testator, expectant on the failure of issue, and had become absolute in such heirs. The chancellor adopted that view, and entered a decree ordering a partition of the land among the heirs of Benjamin Baldwin, subject to the right of the widow, Mary Baldwin, to enjoy one-third of the proceeds thereof so long as she should remain unmarried. Commissioners were appointed to make the partition, who reported that the land was not susceptible of division,

and a decree was entered ordering a sale. A writ of error was sued out of this court for the purpose of questioning the construction given to the will by the chancellor.

The testator first devised to his son, Elias V. Baldwin, the lands described in the fifth item of the will, in language which would give a fee simple estate to Elias V. Baldwin alone, but, following the description of the lands, stated that they were given to Elias V. Baldwin and his children provided he should have children by his wife. Words of inheritance not being necessary under our statute to a devise in fee, if there had been children of the marriage at the death of the testator, Elias V. Baldwin and his children would have taken an estate in fee simple as tenants in common. The question to be determined is whether the estate of Elias V. Baldwin was reduced to a life estate by the fact that he had no children to take the estate jointly with him as tenants in common when the estate vested, and that none were born subsequently.

In determining the intention of the testator, the presumption of law is that he intended by his will to dispose of all his property and to leave none as intestate estate. (*Higgins* v. *Dwen,* 100 Ill. 554; *Hayward* v. *Loper,* 147 id. 41; *Biggerstaff* v. *VanPelt,* 207 id. 611.) In *Woman's Union Missionary Society* v. *Mead,* 131 Ill. 338, the court quoted approvingly from 2 Redfield on Wills, 235, as follows: "The idea of any one deliberately purposing to die testate as to a portion of his estate and intestate as to another portion is so unusual in the history of testamentary disposition as to justify almost any construction to escape from it." In this case the presumption of law as to the intention of the testator is re-enforced by a definite statement at the conclusion of the will that he had thereby disposed of all his property, both real and personal, so far as known to him. In the devise in question there was no limitation over of any remainder on the failure of issue, and inasmuch as the devisee had no children, it would be not only against the presumption of law

but the intention of the testator expressed in definite terms, to hold that it was the intention to leave the reversion entirely undisposed of, as intestate estate. There was a residuary devise to the executors, but counsel on both sides are agreed that it had no reference to a reversion in the land in controversy expectant upon the failure of issue, and that the only purpose was to provide for the disposition of real estate which the testator might acquire after making the will. He attempted to limit the dower right of the widow by a provision that it should terminate upon her re-marriage; but that was clearly not a disposition of a remainder in fee or otherwise, and the attempt was, of course, ineffectual. The intention manifested by the will was to give the land in fee simple to Elias V. Baldwin, but in the event that he should have children by his wife they should be tenants in common in fee with him, and, unless the devise must be controlled by our statute, which turns a fee tail into a life estate in the devisee with remainder in fee to the person or persons to whom the estate tail would, on the death of the devisee, first pass, Elias V. Baldwin must be held to have been the owner in fee simple.

By the common law, which required words of inheritance for the devise of a fee if there had been children at the time of the devise, they and Elias V. Baldwin would have been joint tenants for life only, (Sheppard's Touchstone, 440,) but under the rule in *Wild's case,* 6 Coke, 17, if there were no children living at that time the devisee would take an estate tail. The decision in that case arose out of the common law in regard to life estates, and was adopted for the purpose of enlarging, by construction, a life estate into an estate tail. In the case of *Davis* v. *Ripley,* 194 Ill. 399, where there was a devise to the two daughters of the testatrix and their children, we considered the question whether the rule in *Wild's case* was applicable to the devise in view of our statute which gives a fee unless the contrary appears, and whether there is now anything upon which that rule can operate. The rule

was intended to enlarge the estate by construction, and not to cut it down, and we concluded that the rule cannot be applied under our statute, which now gives the largest estate possible. It was held that the will devised a fee simple under our statute, and as it took effect on the death of the testatrix the fee simple title vested in the devisees at that time, and, no children having been born to them, the will became inoperative as to their children. We are ·satisfied with the correctness of that decision, and it must control in this case. In fact, the intention manifested here to devise a fee is much stronger than in the case referred to, since the land was devised directly in fee to Elias V. Baldwin alone, with the subsequent provision admitting his children by his wife, if there should be any, as tenants in common with him. To hold that if there had been children at the death of the testator he and they would have been tenants in common in fee, but because there were no children his estate was cut down to a life estate, would be against the policy of the law and the rules of construction. If by the common law the devise would have been of a special estate tail, confined to the issue of the devisee by a particular wife, with a reversion to the testator or his heirs upon the failure of such issue, the devisee would have been enabled to turn the estate tail into a fee simple at his own election and to bar both the entail and the reversion, and to apply the rule in *Wild's case* would not only conflict with our statute, but reduce the estate to a mere life estate by construction.

We are of the opinion that the chancellor erred in construing the will of Benjamin Baldwin, and that Elias V. Baldwin had an estate in fee simple in the land.

The decree is reversed and the cause remanded, with directions to dismiss the bill.         *Reversed and remanded.*