## MARIA A. LEWIS

*v.*

## SAMUEL PARKER SEDGWICK, Exr. *et al.*

*Opinion filed October 23, 1906.*

1. WILLS—*presumption of law is against intestacy.* It will be presumed that when a person dies testate he intended by his will to dispose of all of his property and to leave no part of it as intestate estate.

2. SAME—*renunciation by widow does not make the remaining property intestate.* A provision in a will in favor of the testator's widow is, in legal effect, an offer to purchase her statutory interests for the benefit of the estate, and if she renounces the will she acquires her interests under the statute, the same as if there was no will, but the renunciation does not make any of the estate, outside of her interests, intestate.

3. SAME—*widow is entitled to one-third of personal estate upon renunciation.* Upon renunciation by the widow, where there are children, the widow is entitled, under the statute, to one-third of the personal estate after the payment of all debts, and her title relates back to the death of the testator.

4. SAME—*specific legatees take subject to the widow's rights.* Specific legatees take subject to the rights of the widow, and specific legacies must be abated to pay the widow's share if the estate is not sufficient for that purpose without such abatement.

5. SAME—*rule as to abatement where widow renounces—statute construed.* Section 79 of the Administration act, providing for the equalizing of legacies where the widow or surviving husband renounces, does not make a different rule regarding renunciation than applies in other cases where legacies are increased or diminished, and hence when the widow renounces and there is not sufficient estate to pay her share, general legacies or residuary funds must be abated before abatement of specific legacies can be required.

6. SAME—*bequests of shares of stock are specific legacies.* Bequests of specific amounts of·shares of stock in a corporation are specific legacies.

7. SAME—*value of a widow's share is determined as of time of distribution.* Upon renunciation by the widow, the value of her share is determined as of the time of distribution, and not as of the time of the testator's death.

WRIT OF ERROR to the Circuit Court of DeKalb county; the Hon. CHARLES A. BISHOP, Judge, presiding.

A bill was filed in this cause in the circuit court of De-Kalb county by plaintiff in error asking for a construction of the last will and testament of Edward Lewis, deceased, and that the property mentioned in clause 2 thereof be declared intestate property. The will, in substance, is as follows:

Clause 1 provides for the payment of the just debts and funeral expenses.

"*Second*—I give and bequeath to my wife, Mary E. Lewis, the use of my homestead where I now reside, in Eddy & Davis' addition to Sandwich aforesaid, containing two and one-half lots, with the buildings thereon, and all the goods and chattels, of every name and description, therein, excepting the reserving a room known as my son, Noel Byron Lewis' room, still to be occupied by him after and during her natural life; also the sum of $500 a year to be paid to her by my executor, hereinafter named, out of said son's share of my estate for his board her care of him during her lifetime. I also give to my said wife the dividends of my Chicago, Burlington and Quincy railroad stock, now two hundred forty shares, for and during her natural life, and a suitable stone at her grave, after her decease, to be erected by my executor. The foregoing to be accepted and received by my wife in lieu of dower. Not appraised."

*Third*—To son, Noel Byron Lewis, the use of said room he now occupies in said homestead dwelling with my wife, and eighty shares of Sandwich Manufacturing Company stock.

*Fourth*—To daughter Mary E. Kern eighty shares of Sandwich Manufacturing Company stock.

*Fifth*—To daughter Carrie C. Culver fifty shares of same.

*Sixth*—To grandson, Bernard E. Lewis, twenty shares of same.

*Seventh*—To granddaughter, Maria A. Lewis, twenty shares of same.

"*Eighth*—I give, bequeath and devise all the rest, residue and remainder of my estate, of every name and nature, after the payment of expenses, taxes and making necessary repairs on my said homestead from time to time as may be needed, by my executor, to my three children, Noel Byron Lewis, Mary E. Kern and Carrie C. Culver, to be divided equally between them, share and share alike."

The ninth clause names his executor as the guardian of his son, Noel Byron Lewis, who is incapable of managing his estate. The last clause nominates Samuel Parker Sedgwick as sole executor.

The bill further sets forth that within the time prescribed by law the widow, Mary E. Lewis, filed her written renunciation of the benefits of any devise made to her, in the county court of DeKalb county, and elected to take her dower and legal share in said estate; that by reason of said renunciation the trust created in said will ceased; that the testator made no disposition of the real estate and personal property mentioned in the second clause, and that said property became intestate.

All parties to the bill were in court. The answer of Mary E. Kern admits that testator made no provision for the conveyance of real estate and personal property mentioned in the second clause, and asks that the court construe the terms, provisions and language of the will. After hearing, the court entered a decree finding that there was no intestate estate, but that all of said estate passed, under the provisions, to the legatees therein named; that Mary E. Kern, John H. Latham, as administrator of the estate of Carrie C. Culver, deceased, and Noel Byron Lewis, were each entitled to one-third share of the balance of the personal property of the estate remaining after the payment of specific

legacies, the payment to the widow of her one-third of the personal property, and the payment of costs, solicitor's fees, debts, claims and inheritance tax; that by virtue of said clause 8 Mary E. Kern, Noel Byron Lewis, Roy Culver and Harry Culver (the children of Carrie C. Culver, deceased,) were seized in fee simple, as tenants in common, of the real estate, subject to the dower and homestead of the widow, Mary E. Lewis; that Noel Byron Lewis was seized of a life estate in the room in the dwelling house, and that the widow, Mary E. Lewis, was entitled to an estate of dower and homestead in the same premises subject to said life estate of Noel Byron Lewis; that there was sufficient ambiguity in the language of the testator to justify the filing of this bill. The court allowed a fee of $500 to be paid by the executor to the solicitors of the plaintiff in error for services rendered by them in the proceedings in the circuit court, but refused "to fix and allow a fee of $1000 at this time to the complainant for her solicitors for services to be rendered on appeal of this cause." The decree further found that testator left two hundred and fifty shares of Sandwich Manufacturing Company stock; that about June 26, 1904, after testator's death, a stock dividend of sixty per cent of the original shares was issued, and that there came into the hands of the executor one hundred and fifty shares of additional stock so issued; that the four hundred shares were at date of decease worth ninety cents on the dollar, or $36,000; that the market value of said two hundred and fifty shares at testator's death was less than $36,000; that the intrinsic value of testator's holdings was not increased by reason of said stock dividend but that the market value of said holdings was substantially increased thereby, but the court refused to hear proof and consider the market value of said two hundred and fifty shares of stock at the time of testator's death, holding it was not material what the market value was at that time; that the legacies of stock mentioned in the third, fourth, fifth, sixth and seventh clauses were specific and said

parties were entitled to take said stock as specific legacies, and that said widow was not entitled to any part of said stock in kind, but was entitled to be compensated from other assets of said estate for one-third of the value thereof, to apply as her distributive share.

Plaintiff in error assigns as error the finding of the trial judge that there was no intestate estate, and also the judge's refusal to fix and allow a fee of $1000 for the solicitors for services rendered on appeal. The executor has assigned cross-errors raising the question whether the widow should not be compensated for her one-third interest in this stock on the basis of what it was worth when her husband died, rather than its worth at the time of distribution, and whether the specific legacies should not have abated *pro rata* with the residuary legatees in raising a fund to compensate the widow. The widow assigned cross-errors to the effect that the court awarded only one-third of the value of the stock at the time of the decree, making no provision whatever for her compensation for dividends or earnings that might accrue between the entry of said decree and the distribution by the executor, either by way of allowing her dividends on one-third of the stock or legal interest, the court having found the value of one-third of the personal property at the time of the entry of the decree to be $12,000 but making no provision for earnings or increment to a date subsequent to the decree. The widow also assigned cross-error that the court erred in allowing the plaintiff in error for solicitor's fees $500.

CHARLES F. VOGEL, CHARLES G. NEELY, and EDWARD M. BURST, for plaintiff in error:

Where a general residuary clause is introduced by the testator it will generally be construed as intended for nothing more than a disposition of those portions of the estate not previously disposed of. *Dickison* v. *Dickison,* 138 Ill. 547.

The intention which is sought for in the construction of a will is not that which existed in the mind of the testator, but that which is expressed by the language of the will. *Gee* v. *Gee,* 107 Ill. App. 313; 204 Ill. 588; *Williams* v. *Williams,* 189 id. 509; *Engelthaler* v. *Engelthaler,* 196 id. 233.

The court should consider each clause of the will, not alone but in connection with each other, to ascertain the intention of the testator, which must govern unless it conflicts with some known rule of law. *Lunt* v. *Lunt,* 108 Ill. 307; *Peoria* v. *Darst,* 101 id. 609.

Courts will hold that a portion of the testator's estate is intestate property where there is nothing from which an intention to dispose of the same can be inferred. *Minkler* v. *Simons,* 172 Ill. 323.

CARNES, DUNTON & FAISSLER, for defendant in error Samuel Parker Sedgwick:

It is familiar and well settled doctrine that renunciation of a will by the widow does not make the property left by the decedent intestate estate. *McMurphy* v. *Boyles,* 49 Ill. 110; *Marvin* v. *Ledwith,* 111 id. 144; *Laurence* v. *Balch,* 195 id. 626.

Property left without specific disposition because of the renunciation of the widow does not fall within the general rule as to lapsed devises. 18 Am. & Eng. Ency. of Law, 764.

A provision in a will in favor of a widow is, in fact and legal effect, a mere offer by the testator to purchase out the dower interest for the benefit of his estate. *Blatchford* v. *Newberry,* 99 Ill. 11; *Carper* v. *Crowl,* 149 id. 465; *ReQua* v. *Graham,* 187 id. 67.

In the absence of some statutory provision for equalization of legacies in case of renunciation by the widow, specific legacies should be turned over to the specific legatees and the general doctrine of abatement of legacies applied, which would require general legacies to abate before specific lega-

cies are called upon.  *Baptist Female University* v. *Borden,*
44 S. E. Rep. 47.

Where a testator gives stocks, bonds or other securities
in such a way as to show that he gives specific bonds or spe-
cific shares of stock or particular securities, the gift is re-
garded as a specific and not a general one.  Page on Wills,
sec. 769.

Where there is a specific legacy of shares of stock the
dividends go to the legatee from the death of the testator.
2 Woerner on American Law of Administration, 1006.

S. W. CROWELL, H. W. PRENTICE, and J. B. CASTLE, for
defendants in error Mary E. Kern, Roy Culver and John H.
Latham:

Renunciation by a widow of provisions made for her
benefit in a will does not make the property of the testator
intestate.  *McMurphy* v. *Boyles,* 49 Ill. 110; *Marvin* v. *Led-
with,* 111 id. 114; *Laurence* v. *Balch,* 195 id. 626.

It is the duty of the courts, in the event of renunciation,
to treat the various provisions of the will as modified to the
extent of the derangement, in order to preserve, as to the
balance of the estate not taken by the widow, the same ratio
of distribution thereof among the donees, so far as specific
values are concerned, as fixed by the terms of the will.  *Lo-
gan* v. *Logan,* 11 Col. 44.

Since the residuary clause disposed of all the estate of
the testator not previously disposed of, there was and is no
intestate estate.  The residuary clause is sufficient.  *Hale* v.
*Hale,* 125 Ill. 399; *Richards* v. *Miller,* 62 id. 417; *Worrell*
v. *Patten,* 69 id. 254; *Dickison* v. *Dickison,* 138 id. 541.

A residuary bequest as to personal property passes not
only everything not attempted to be disposed of, but every-
thing which turns out not to have been effectually disposed
of, as void legacies, lapsed legacies, etc.  Horner on Probate
Law, (2d ed.) sec. 133.

C. I. McNETT, for defendant in error Mary E. Lewis:

The widow having renounced the will, is entitled, under the statute, to a full one-third of all the personal estate of said decedent, including dividends on the stock of the Sandwich Manufacturing Company accruing subsequent to the date of the death of the testator and down to the date of distribution by the executor, or is entitled to compensation therefor in the way of interest. *Wingate* v. *Pool,* 25 Ill. 102; 7 Am. & Eng. Ency. of Law, (2d ed.) 338; Woerner on American Law of Administration, sec. 307; *Pettyjohn's Exr.* v. *Pettyjohn,* 1 Houst. 352; *Manifees' Admr.* v. *Manifees,* 8 Ark. 9; *Herndon* v. *Herndon's Admr.* 27 Mo. 421; *Rose* v. *Clark,* 8 Paige, 474.

Mr. JUSTICE CARTER delivered the opinion of the court:

When a person dies testate it will be presumed that he intended to dispose by his will of all his property and leave no part of it as an intestate estate. (*Boehm* v. *Baldwin,* 221 Ill. 59; *Hawkins* v. *Bohling,* 168 id. 214; *Hayward* v. *Loper,* 147 id. 41.) This will on its face disposed of all testator's property. The residuary clause was amply sufficient for this purpose. (*Hale* v. *Hale,* 125 Ill. 399; *Richards* v. *Miller,* 62 id. 417; *Dickison* v. *Dickison,* 138 id. 541.) This court has more than once decided that the renunciation of a will by a widow does not make the remaining property left by the testator an intestate estate,—it is still testate property. It would lessen the quantity of the balance of the estate to the extent of the estate which the law gives the widow, but otherwise the property will pass by will. (*Laurence* v. *Balch,* 195 Ill. 626; *Marvin* v. *Ledwith,* 111 id. 144; *McMurphy* v. *Boyles,* 49 id. 110; *Logan* v. *Logan,* 11 Col. 44.) A provision in the will in favor of the widow is in legal effect an offer by the testator to purchase her statutory interests for the benefit of his estate. (*Blatchford* v. *Newberry,* 99 Ill. 11; *Carper* v. *Crowl,* 149 id. 465; *ReQua*

v. *Graham,* 187 id. 67.)   If she refuses to accept the offer in the will she acquires her interests under the statute the same as if there was no will, but her renunciation does not make any of the estate outside of her interests intestate.

Under the holdings of this court we do not regard the allowance of solicitor's fees for plaintiff in error as erroneous.   The amount allowed in such cases is generally a matter of discretion with the trial court, and will not be reviewed unless there has been plainly an abuse of such discretion.   (*Woman's Union Missionary Society* v. *Mead,* 131 Ill. 338; *Ingraham* v. *Ingraham,* 169 id. 432.)   We do not feel that there has been any showing on this hearing that would justify this court's interference in this regard.

Some of the questions raised by cross-errors, as shown in the statement of facts, have never been passed upon by this court, and we do not find that the precise questions at issue have been decided in other jurisdictions.   Clearly, under the Statute of Descent, if the widow renounces she is "entitled to one-third of the personal estate after the payment of all debts," including in this case, in the personal estate, the stock of the Sandwich Manufacturing Company. Her title undoubtedly relates back to the date of the death of the testator.   Even if the rule obtains that specific legacies must be paid in full if the general legacies or residuary fund be large enough to permit, yet without question the specific legatees, under our statute, take subject to the widow's rights, and specific legacies would be compelled to abate to pay the widow's share if the estate was not sufficient for that purpose without such abatement.   Section 79 of chapter 3, on administration of estates, (Hurd's Stat. 1905, p. 118,) provides, in substance, that where a widow or surviving husband renounces and the legacies and bequests to other persons become diminished or increased, the court, on the settlement of the estate, shall abate or add to such legacies and bequests so as to equalize the loss or advantage.   Does that section apply in this case?

The general rule has always been that a specific legacy is a gift of a specific part of testator's estate, identified and distinguished from all things of the same kind, and can only be satisfied by the delivery of the particular thing, and that if the estate for any reason should turn out to be less than the testator anticipated, or if for any reason there is required an abatement as to any of the legacies, general legacies or residuary funds must first be abated before any abatement of the specific legacies could be required. We are of the opinion that the shares of the Sandwich Manufacturing Company stock disposed of under clauses 3, 4, 5, 6 and 7 are specific legacies. (Page on Wills, sec. 769; 2 Redfield on Wills, pp. 142, 143; 2 Woerner's Am. Law of Administration, p. 1006; 18 Am. & Eng. Ency. of Law,—2d ed.— p. 714; *Dauel* v. *Arnold,* 201 Ill. 570.) The residuary fund under this will may be classed as a general legacy. Section 79 for the equalizing of legacies was passed in substantially the same form as at present in 1845. It is to be presumed that the legislature had in mind the law requiring general legacies first to be abated before trenching on the funds of the specific legatees. We do not believe it was their intention to make a different rule in the case of renunciation affecting legacies than in other cases where legacies were diminished or increased, but rather to apply the same rule. Such is the construction we give to this statute. Our conclusion in this regard is strengthened by the fact that any other would render the distribution of an estate, where the widow or surviving husband renounces under the provisions of the will, exceedingly difficult and expensive. Such facts should not overthrow any clear statutory provisions, but may assist in learning the intent of the statute when it is not otherwise entirely clear. The residuary fund is sufficient to pay the widow her share without touching the specific legacies.

The further question remains whether the court ruled correctly in taking into account the value of the Sandwich

Manufacturing Company stock at the time the decree was entered and fixing the amount of personal property to be allowed to the widow. She is entitled, as we have said, to one-third of the personal property. In justice and right, in computing the value of this one-third the value of the personal property at the time of the distribution must be taken, and not the value at the time of the death. She has an interest in an undivided one-third of all the personal property up to the time of the final distribution. Some question was raised as to her right to have her one-third interest of personal estate distributed to her in kind, but that point is not insisted upon and therefore we do not pass upon it.

We find no error in the record. The decree of the circuit court will accordingly be affirmed.

*Decree affirmed.*