OPINION. Tietjens, Judge. Respondent having determined that petitioner received $32,718.10 as income from the estate in 1951, the burden is on petitioner to prove the impropriety of the determination by showing that the assets which he received from the estate did not actually include this income. Wilma Aaron, 22 T. C. 1370. We do not think this burden has been carried. As a matter of fact, the inference which we draw from the record is to the effect that petitioner was paid the income in question by the estate, and our conclusion is that he should properly pay income tax thereon. The brunt of petitioner’s argument is that all the cash and stock which he received from the estate were received as a lump-sum settlement of various claims against the estate and hence was received “by inheritance” which was therefore properly eXcludible from gross income under section 22 (b) (3), Internal Revenue Code of 1939.[1] He cites and relies on Lyeth v. Hoey, 305 U. S. 188. Eespondent, on the other hand, relies on sections 22 (a) and 162 (c) of the Internal Revenue Code of 1939, as amended.[2] True, as argued by petitioner, neither the agreement of November 13, 1951, nor the checks which he received pursuant thereto recited that any of the assets of the estate which were to be distributed to him and which he did receive were attributable to “income” of the estate as such. He also testified that he never received any “income” from the estate and professed a lack of knowledge that the estate was ever charging him with having received income until,' apparently as an afterthought, and in an attempt to save income taxes to the estate, the estate did claim as a deduction the amount of $32,846.53 on the fiduciary return for 1951 which was signed April 11,1952, and filed shortly thereafter. We do not think, however, that petitioner’s knowledge or understanding, or professed lack of such understanding or the lack of specificity in the written agreement have much to do with the case. This is indicated in Alma Igoe, 19 T. C. 913, where petitioners advanced a lack of knowledge that their accounts had been credited with certain items of income by the estate as a reason why they should not be taxable on such income. There we nevertheless said petitioner could not thus “succeed in avoiding the impact of the mandatory clause in section 162 (c) which requires that they include in their net income, income of the estate which was properly credited to them by the estate.” Here the determination of respondent was that the income was received or paid to petitioner rather than “credited.” This is a minor difference. The situation here, as we see it, was this. Petitioner was dissatisfied with the treatment accorded him in his wife’s will. He renounced it and sought a distribution in kind of his share of certain stock holdings of the estate in accordance with the Illinois law. In the interim the estate had received income, the amount of which is not in dispute. The attorney for the estate testified, and we have no reason for disbelieving him, that it was never disputed and the estate so acknowledged that petitioner was entitled to one-half of this income, which was finally determined to he $32,718.10. That a renouncing spouse is so entitled under Illinois law to a share in the income of the estate has been decided, though petitioner disavows it, in Lewis v. Sedgwick, 223 Ill. 213, 79 N. E. 14. Whether petitioner ever specifically claimed this amount seems to us to have no bearing here. It was taken into consideration by the estate in computing how much the estate would distribute to petitioner in order to make what had the effect, as to petitioner, of a final distribution pursuant to the November 13,1951, agreement. The questions settled by that agreement were not whether petitioner was entitled to this income, but were stipulated to be two in number, as set out in our Findings of Fact. Neither controversy had anything to do with rights to income of the estate and the agreement contained no compromise or settlement on that score. Despite petitioner’s disclaimer, the facts are (and here we to some extent repeat) that there was income of the estate to which petitioner was entitled, the estate recognized this and, though petitioner’s then attorney died before the hearing and we do not have the benefit of his testimony, the record indicates that he, too, was cognizant that an income tax problem was thus posed. Although the settlement agreement skirted this problem, the estate took it into consideration in agreeing to the settlement and in its final accounting reflected petitioner’s share of the estate’s income as having been paid to petitioner in 1951 pursuant to the agreement. This accounting, so far as the record goes, has not been questioned by petitioner. Neither has any question been raised as to the propriety of the settlement agreement or the distributions made pursuant to it to petitioner. Tliis is not a Lyeth v. Hoey, supra, case. No will contest is involved. Respondent is not seeking to tax as income here all amounts distributed to petitioner pursuant to the settlement agreement as he did in the Lyeth case. What respondent has done is to determine that a portion of the amount of cash received by petitioner as a distribution in 1951 under the agreement was in fact income of the estate and as such was taxable to petitioner under section 162 (c). On the facts before us, petitioner has not demonstrated, as petitioner in Wilma, Aaron, supra, also failed to do, “the crucial factor in her case, namely, that the income in question was not actually * * * received on final distribution of the estate,” which, so far as petitioner is concerned, took place in 1951 when he received cash and stock equal in value to well over half of his wife’s estate in full release of all claims he may have had. Decision will be entered for the respondent. SEC. 22 (b). The following items shall be exempt from taxation under this chapter: * * * ******* (3) The valüe oír property acquired by girt, bequest, devise or inheritance.— There shall not be excluded from gross income under this paragraph, the income from such property, or in case the gift, bequest, devise or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if under the terms of the gift, bequest, devise or inheritance, payment, crediting or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise or inheritance from property. SEC. 22. GROSS INCOME. (a) General Definition. — “Gross Income” Includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from Interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * * SEC. 162. NET INCOME. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that— ******* (c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary;