*In re* ESTATE OF WALTER H. BRINKMAN, Deceased.—(IRENE R. BRINK-
MAN, Ex'r of the Estate of Walter H. Brinkman, Petitioner-Appellee,
*v.* SUE LOIS MILLER *et al.*, Respondents.—(SUE LOIS MILLER *et al.*,
Respondents-Appellants; Carthage College *et al.*, Respondents-Appel-
lees).)

(No. 60062; )

First District (3rd Division)—February 20, 1975.

Chadwell, Kayser, Ruggles, McGee & Hastings, of Chicago (Victor P.
Kayser and Robert E. Nord, of counsel), for appellants Miller and Mann.

Brady, McQueen, Martin, Callahan & Collins, of Elgin (Wayne M. Jensen, of counsel), for appellants Christ the Lord Lutheran Church and Holy Trinity Evangelical Lutheran Church.

John T. Schriver, of McDermott, Will & Emery, of Chicago, for appellees.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This case involves the interpretation of section 50 of the Probate Act (Ill. Rev. Stat. 1969, ch. 3, par. 50), entitled "Equalizing Legacies and Devises on Renunciation." The decedent died testate on December 23, 1970, leaving a surviving spouse and no descendants. The widow renounced the will. Upon petition by the executor, the circuit court of Cook County ruled that the widow's share by renunciation was to be funded first from the share of the residual legatees and then from the share of the specific legatees. The respondents-residual legatees appeal, raising the sole issue of whether section 50 requires a nondiscriminatory abatement of all classes of legacies to fund the widow's statutory share.

We affirm.

The facts are not in dispute. The surviving spouse renounced the testator's will under the provisions of section 16 of the Probate Act (Ill. Rev. Stat. 1969, ch. 3, par. 16), thus entitling her to "one-half of the personal estate and one-half of each parcel of real estate," there being no descendants. The will, after renunciation, bequeaths specific shares of stock to Carthage College of Kenosha, Wisconsin, and the Lutheran School of Theology of Chicago, Illinois (herein "specific legatees"). The residue was placed in a residuary trust, whose major beneficiaries were two of decedent's nieces (25% each), Holy Trinity Evangelical Lutheran Church of Elgin, Illinois (16%), and Christ the Lord Lutheran Church of Elgin, Illinois (10%) (herein "residuary legatees"). The executor of decedent's estate was uncertain as to how the widow's share was to be funded, and petitioned the circuit court of Cook County for an order directing the method of distribution. The specific legatees responded to the petition, as did the residuary legatees. After consideration of the briefs and arguments of counsel, the trial court entered an order that the specific legacies were to be distributed, provided, however, that if the widow's share upon renunciation "cannot be satisfied in full out of the residuary estate, then after the residuary estate has been exhausted said specific bequests or legacies shall abate to the extent necessary in proportion to their respective values." The respondents-residuary legatees appeal from the court's order, alleging that section 50 requires non-

discriminatory abatement, and that the trial court erred by not following the law.

Until 1965, section 50 required discriminatory abatement of legacies by classes. (*Lewis v. Sedgwick* (1906), 223 Ill. 213.) 1965, the General Assembly amended section 50. The precise question for our determination is whether the 1965 amendment to section 50 changed the discriminatory abatement rule to the nondiscriminatory abatement rule which would favor the appellants-residuary legatees. Section 50 states:

| OLD | NEW |
|---|---|
| "When a surviving spouse of the testator renounces the will and the legacies to other persons are thereby diminished or increased in value, the probate court, upon settlement of the estate, shall abate from or add to the legacies in such a manner as to equalize proportionately the loss or advantage resulting therefrom." (Laws of Illinois 1939, § 50, at 19-20, approved July 24, 1939.) | "When a surviving spouse of the testator renounces the will and the legacies or devises to other persons are thereby diminished or increased in value, the court, upon settlement of the estate, shall abate from or add to the legacies or devises in such a manner as to apportion the loss or advantage among the legatees and devisees in proportion to the amount and value of their legacies and devises." Laws of Illinois 1965, § 50, at 2134, approved August 2, 1965. |

The residuary legatees' major argument is that every amendment to a statute is presumed to intend a change in the existing law, citing *Acme Fireworks Corp. v. Bibb* (1955), 6 Ill.2d 112, 117, especially where the amended statute has already been judicially construed, citing *Dworak v. Tempel* (1958), 18 Ill.App.2d 225, 230, aff'd, 17 Ill.2d 181. Appellants contend that the 1965 amendment to section 50 reflects the General Assembly's intent to change the rule of discriminatory abatement. We disagree.

■■ As we read section 50, the only apparent change effected by the 1965 amendment was to eliminate the distinction between the treatment of real and personal property as regards to the administration of a decedent's estate. The clear meaning of the statute as amended is not to provide for nondiscriminatory abatement by classes to fund the surviving spouse's statutory share upon renunciation of the will.

In 1906, the Illinois Supreme Court considered an almost identical problem in the case of *Lewis v. Sedgwick* (1906), 223 Ill. 213. There, the question arose as to whether old section 50's predecessor, section 79,

was intended by the legislature to change the general rule that "general legacies or residuary funds must first be abated before any abatement of the specific legacies could be required." (223 Ill. 213, 222.) The court stated:

> "Section 79 for the equalizing of legacies was passed in substantially the same form as at present in 1845. It is to be presumed that the legislature had in mind the law requiring general legacies first to be abated before trenching on the funds of the specific legatees. We do not believe it was their intention to make a different rule in the case of renunciation affecting legacies than in other cases where legacies were diminished or increased, but rather to apply the same rule. Such is the construction we give to this statute. Our conclusion in this regard is strengthened by the fact that any other would render the distribution of an estate, where the widow or surviving husband renounces under the provisions of the will, exceedingly difficult and expensive. Such facts should not overthrow any clear statutory provisions, but may assist in learning the intent of the statute when it is not otherwise entirely clear. The residuary fund is sufficient to pay the widow her share without touching the specific legacies." (223 Ill. 213, 222.)

■■ In the instant case, we follow the court's reasoning in *Lewis* and conclude that if the legislature wished to make a different rule for the abatement of legacies and devises to fund the widow's or widower's statutory share upon renunciation of the will, the legislature should have done so using clear statutory language to that effect. Inasmuch as the 1965 amendment does not clearly indicate a change in the law in this respect, we hold that section 50, as amended in 1965, does not change the discriminatory rule of abatement by classes. Accordingly, the trial court did not err.

We wish, however, to briefly respond to the residuary legatees' remaining arguments. Their second argument is that a reading of sections 16 and 50 together leads to the conclusion that section 50 requires nondiscriminatory abatement. Section 16 provides for nondiscriminatory abatement of realty by specifying that each parcel of real estate is to be affected by the surviving spouse's renunciation of the will.[1] Section 79 (now section 50), as construed by *Lewis*, requires discriminatory abatement of personal property. Section 50 as amended in 1965 elimi-

---

[1] Effective January 1, 1972, section 16 was amended to entitle a renouncing surviving spouse to either a third or a half of "the entire estate," depending upon whether there is a descendent. The decedent in the instant case died before 1972, so the amendment is of no consequences for the purposes of this appeal.

nated the distinction between realty and personalty. Appellants point out that if the legislature intended in 1965 to eliminate the distinction between realty and personalty in the administration of estates, then realty and personalty should abate in the same fashion. It is appellants' position that both realty and personalty were intended by the legislature in 1965 to abate *as realty, in a nondiscriminatory fashion.* Once again, we disagree. The general rule that residuary and general legacies abate before specific legacies was not changed by the 1965 amendments to the Probate Act notwithstanding appellants' statutory construction arguments to the contrary. *Lewis v. Sedgwick, supra.*

Appellants' third argument is that section 291 was not intended by the legislature to apply in the instant situation. Section 291 of the Probate Act, as amended in 1965, contains the general rule that "when the estate of a testator is insufficient to pay all devises and all legacies under his will, specific devises and legacies shall be satisfied pro rata before general devises and legacies * * *." (Ill. Rev. Stat. 1969, ch. 3, par. 291(b).) Appellants present the same argument against section 291's discriminatory satisfaction rule as they do to distinguish section 50 from section 16's nondiscriminatory abatement rule. We believe that section 50, when read with section 291, leads to the inescapable conclusion that the Illinois legislature has not abandoned the long-standing rules of discriminatory satisfaction and abatement by classes.

■■ The final argument we consider is that a discriminatory abatement of the estate is not equitable and would lead to absurd and costly results which would not accomplish the testator's intent. Any departure from the rule of discriminatory abatement is for the legislature to accomplish, not this court.

For the abovementioned reasons, we hold that section 50 of the Probate Act requires discriminatory abatement of legacies and devises in order to fund the surviving spouse's statutory share upon renunciation under section 16 of the Probate Act. The trial court did not err.

The order of the circuit court of Cook County is affirmed.

Order affirmed.

DEMPSEY and MEJDA., JJ., concur.