LEVI W. SHOLTY

*v.*

SAMUEL B. F. SHOLTY *et al.*

*Filed at Springfield January 15, 1892.*

140 81
146 308
140 81
67a 182
67a 573
140 81
76a 515
140 81
91a ¹168
140 81
99a ⁵440
140 81
198 ⁵517

1. TRUST—*duty of trustee—commingling of funds—pursuing the trust fund—election—right to invest, convert or use the trust estate.* It is the duty of a trustee holding funds in trust, with no express or implied directions in the instrument creating the trust as to the management of the fund, to invest the same in good and safe securities. He has no right to convert money into land, or land into money, at his pleasure, unless specially authorized. He has no right to confuse the trust funds with his own moneys, nor can he use the same for his own benefit or profit.

2. Where a trustee confuses trust money with his own, and admits that a part of the trust fund was invested in land in his own name, he will be estopped to deny that it shall be treated as trust property, if the *cestui que trust* so elects.

3. A *cestui que trust* has the right, as against his trustee, to pursue the trust fund into whatsoever investment of it the trustee may make, or, repudiating the investment, compel him to pay over the money. And where the trust is in favor of one for his life, and then to his children, the father can not make any agreement in respect to the trust fund by which to bind his children.

4. SAME—*a trust as a continuing one — and when the trust ceases.* Where land, or an interest in an estate, is devised to one in trust for a son and his heirs, and the trustee is by the will directed to render and

pay over to the testator's son, during his life, the interest and profits of the estate so devised, and upon the death of the son his share should be divided among his lawful children so soon as the youngest attained his majority, it will be the duty of the trustee to collect the interest annually on the sum coming to his hands, and pay the same to the son during his life, and if at his death his youngest child is not of age, it will be the duty of the trustee to continue to loan the trust money, adding the interest to the principal, until the youngest child is of lawful age, and then to divide the same among all the son's children, and then, and not till then, will his trust cease.

5. APPEAL—*lies only from final judgments and decrees.* It is only from final judgments or decrees that an appeal will lie to this court. A party can not bring his case to this court by piecemeal A cause must be finally disposed of in the court below before either party can have the same reviewed. When the decree does not finally settle the disputed issues, but leaves either party at liberty to apply to the trial court for relief, the decree will not be final.

APPEAL from the Circuit Court of McLean county ; the Hon. ALFRED SAMPLE, Judge, presiding.

This is an appeal from a decree of the circuit court of McLean county, on a bill by appellees, Samuel B. F. Sholty, Edward Sholty, Harry Sholty, Nellie Sholty and Ruby Sholty, the last four being children of the said Samuel, (three of whom are minors,) suing by their father, as next friend, against the appellant. The material facts set forth in the bill are, that on the 8th day of October, 1880, Jacob Sholty died testate in said McLean county, leaving him surviving, among other children, the said Levi and Samuel, and seized of a considerable amount of real and personal property, which he disposed of by will, bequeathing to the said Samuel B. F. Sholty, with his other five children therein named, one-sixth of said estate, which will contained this clause :

"I hereby devise and bequeath to my son Levi W. Sholty the said equal share of my said estate which would hereby descend by this will to my said son Samuel B. F. Sholty, in trust for my said son Samuel B. F. Sholty, for and during the term of the natural life of my said son Samuel B. F.

Sholty, and hereby direct that the said trustee yearly render and pay to my said son Samuel B. F. Sholty the interest and profits of the said equal share of my estate, and at the death of my said son Samuel B. F. Sholty, that the said trustee shall divide the said equal shares of my estate among and between the lawful children of my said son Samuel B. F. Sholty, share and share alike, so soon as the youngest of said children shall have arrived at its legal majority."

Subsequently to the death of said testator, in a proceeding for the assignment of dower and homestead to the widow, and partition of the real estate of which he died seized, the dower and homestead being assigned, the remainder was sold, and the proceeds divided among the legatees named in said will, according to its terms, from which sale and the personal assets said Levi W. Sholty received, in trust for said Samuel B. F. Sholty and his children, the sum of $3329.79; that he accounted to said Samuel for the "interest and profits" on that sum up to March 1, 1887. On the 5th day of February of that year he purchased one hundred and twenty acres of land in said McLean county, paying therefor the sum of $3470 out of and with the said trust money, the bill stating that said purchase was made "at the request of Samuel B. F. Sholty, it being then and there agreed and understood between said trustee and said Samuel B. F. Sholty that said trustee should purchase the said lands and pay for the same out of said trust funds, and that said trustee should hold the title thereto for the use and benefit of your orators, under said trust, and that Samuel B. F. Sholty should go into possession of said lands, and should occupy and have the use and rents and profits thereof during his life, and have his home and homestead thereon, and at his death said lands should be held by said trustee in trust for the children of Samuel B. F. Sholty, as provided in said will, until the youngest of said children should come to the age of legal majority, when the legal title to said lands should vest in said children." It is then averred that said trustee took

the title to said land in his own name, and now claims to hold and own the same in his own right, and not in trust for complainants, and has since sold forty acres thereof, but continues to hold the legal title to the remaining eighty; that shortly after said purchase was made the said Samuel, with his family, moved upon the said eighty acres, and has since occupied the same, placed improvements thereon, etc., said possession being taken and said improvements made upon the faith of said contract between himself and said trustee; that since the sale of said forty acres by said trustee, about February 5, 1887, $1213.34 in money has been in the hands of said trustee under said trust, the interest thereon amounting to about the sum of $157.62, which interest said trustee has failed and refused to pay to the said Samuel, as was his duty under said trust. The bill then alleges that said trustee is endeavoring to sell the remaining eighty acres of said land, and asks that he be enjoined from so doing; also, that said trustee is attempting to convert said money and the interest thereon, and is claiming to be the owner of said eighty acres of land free from said trust, and is attempting to sell the same, in fraud of the complainants' rights, and asks that he be removed from such trusteeship. The prayer is for an accounting by said trustee as to the trust funds in his hands, and that he be required to pay the interest thereon to said Samuel; that a receiver be appointed to take charge of all of said trust property, and that some proper person be appointed to act as trustee instead of said Levi W. Sholty; that a decree may be rendered declaring that said Levi W. Sholty holds said eighty-acre tract of land in trust for complainants, according to the provisions of said will, and that he be ordered to convey the same to such person as the court may appoint as his successor, and also to turn over said money to such person.

A demurrer to the bill by the defendant having been overruled, he answered, admitting substantially the allegations of the bill, except that part of it which charges the purchase of

said one hundred and twenty acres of land with said trust fund for the benefit of complainants, all of which allegations he denies, and says that he purchased eighty acres thereof for his own use and benefit, and not in trust for said Samuel or his children, but only agreed with the said Samuel that he might move upon the same, and occupy and have the use thereof, for and in consideration of the interest upon the said sum of trust money in his hands as trustee, and he denies that he, the said Samuel, or his children, have any equity or right in said land other than to reside on the same according to said agreement or consent for such occupancy. To the agreement alleged to have been made between said Samuel and himself for the purchase of said land in trust, etc., he pleads the Statute of Frauds. After the filing of this answer, and complainants' replication thereto, appellant began a suit in forcible detainer, before a justice of the peace of said county, against the said Samuel, to recover possession of said eighty-acre tract of land, but said circuit court, upon affidavit of said Samuel setting up the pendency of this suit, ordered a writ of injunction to issue restraining the prosecution of said action before the justice of the peace.

The cause was referred to the master to take and report the evidence, and to state the account between the parties. A hearing was had on the bill, answer, replication, and report of the master, resulting in a decree finding the facts substantially as set forth in the bill, except that as to the purchase of lands with trust funds it finds that only eighty acres were so purchased, for which the sum of $2280 was paid out of said trust funds, and that there remained, after said purchase, in the hands of said trustee, the sum of $1049.79 of such trust money received by said trustee, the interest on which said last named sum has not been paid to said Samuel since February 5, 1887, but that said trustee has paid the sum of $117.85 in taxes and for insurance and repairs on said eighty acres of real estate. It also finds that there is due from said trustee

to said Samuel, on account of said unpaid interest, the sum of $139.15, after allowing him credit for said taxes, insurance and repairs. It is then ordered that the legal title to said land remain in Levi W. Sholty in trust, for the use of the complainants, in accordance with the trust declared in said will, and that he be restrained from selling the same, "or attempting to lease said real estate, * * * except upon the order of this court in a proper proceeding, and that said defendant, Levi W. Sholty, be further enjoined and restrained from prosecuting or trying, or attempting to prosecute or try, any suit before any justice of the peace or in any court of record, in forcible detainer, or forcible entry and detainer, or ejectment, against Samuel B. F. Sholty, for the possession of said real estate, and from in any way interfering, by writ of possession or writ of restitution, or otherwise, with the quiet and peaceable possession of said Samuel B. F. Sholty, or his tenants, of said real estate above described, until the further order of this court." It then orders said Levi W. to pay to said Samuel said sum of $139.15; directs said Levi W. to pay the "taxes or special assessments that may be legally assessed against said real estate out of the interest and profits arising from said sum of $1049.79 in his hands, after this date;" that Levi W. pay the costs of the suit, and that execution issue therefor. The decree then concludes as follows: "It is further ordered, adjudged and decreed that the parties to this suit have leave to apply to this court for relief, or otherwise, as occasion may require." From this decree the present appeal is prosecuted.

Messrs. TIPTON & PIERCE, for the appellant.

Mr. JOHN E. POLLOCK, and Mr. JACOB P. LINDLEY, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

It is very clear, from the evidence in this case, even that of the appellant himself, that he has a very erroneous conception of his duty as trustee, or has willfully disregarded that duty. It is the duty of a trustee holding funds in trust, with no express or implied directions in the instrument creating the trust as to the management of the fund, to invest the same in good and safe securities. (Willis on Trustees, 125.) He has no right to convert money into land, or land into money, at his pleasure, unless specially authorized. (*Kaufman* v. *Crawford,* 9 W. & S. 131.) He has no right to confuse the trust fund with his own moneys, nor can he use the same for his own benefit or profit. There can be no question that it was the clear duty of appellant, having accepted the trust imposed upon him by the will of his father, upon receiving the trust fund, to loan the same on sufficient securities, at lawful interest, exercising the same care and diligence as in the transaction of like business for himself, collect the interest annually, and pay it over to his brother Samuel. If at the death of said Samuel his youngest child had not reached its majority, then it would become his duty to continue to loan said money, adding the interest to the principal, until the majority of said youngest child, and then divide it equally among said children. Then, and not until then, would his trust cease. While the duties thus imposed upon him are onerous, they are well defined and easily understood. He admits that he has, from the first, confused this fund with his own money; that he has invested a large amount of it in other real estate and taken the title in his own name, and while he denies that he paid for the eighty acres of land described in the bill wholly out of said trust money, he admits that he did so apply $600 thereof, and we think the court below was justified by the evidence in finding that the whole of the purchase money came from that fund. Having confused that money with his own, and admitting that a part of the trust.

fund was put in this land, he is estopped to deny that it shall·
be treated as trust property, if the *cestui que trust* so elect.
There can be no doubt as to the right of a *cestui que trust,* as
against his trustee, to pursue the trust fund into whatsoever·
investment of it the trustee may make, or, repudiating the in-
vestment, compel him to pay over the money. It may be true
that Samuel B. F. Sholty has, by his agreements, estopped
himself from claiming the "interest and profits" on the trust
fund, but his children are certainly not bound by any such·
agreements. It seems impossible, therefore, to render a final
decree on the present bill which will conclude them. Even as
between the trustee and Samuel B. F. there is no final decree,
and therefore this appeal is prematurely taken, and should be
dismissed.

It will be seen, from the foregoing statement, that the con-
troversies between appellant and appellee Samuel B. F. Sholty
grow out of the purchase by appellant of the land mentioned·
in the bill. Not only is the title to this land put in issue by
the pleadings, but the right of Samuel to occupy and use the·
same is also involved. If, as the court below has found, ap-
pellant holds that property in trust for Samuel and his chil-
dren, under the terms of the will of Jacob Sholty, the question
still remains, is he entitled to possession thereof as such trus-
tee, or can Samuel, one of the beneficiaries, occupy and use·
the same so long as he lives, to the exclusion of the trustee.
On that branch of the case there is no final decree. Samuel
is left in possession, and appellant enjoined from disturbing
him, not absolutely, but until the further order of the court,
either party being given leave to apply to the court for relief·
as occasion may require. In fact, it would seem from the last
clause in the decree that the court only intended its order to·
be interlocutory, and not a final decree on any of the issues
presented in the case. But however that may be, at least one
material issue remains undisposed of. It is only from final
judgments or decrees that an appeal will lie to this court, and·

a party can not bring his case here by piecemeal. "A cause must be finally disposed of in the court below before either party can carry it to the appellate court and assign errors on the record." This we have so often decided that to cite the cases would be a superfluity. The rule has peculiar application to this case, because, if the decree of the court below is sustained in holding said land to be trust property, and appellant allowed to continue in his trust, it becomes of the first importance to determine how far, if at all, he can be restrained by the court in the free use and management of such trust property. Until a final decree has been rendered in the circuit court no decision of this court can have the effect to settle the rights of the parties.

The appeal will be dismissed.

*Appeal dismissed.*