## George M. Kincaid, Executor, et al. v. George H. Moore et al.

1.  WILLS—*what legacies are specific.*  The general rule is that a specific legacy is a gift of a specific part of the testator's estate, identified and distinguished from all things of the same

kind, and can only be satisfied by the delivery of that particular thing.

2. ADMINISTRATION ACT—*section 79 construed.* Where renunciation is made under a will, no abatement of the specific and general legacies should be made if there is enough estate to satisfy the distributive share of the party renouncing and the claims of such specific and general legacies. The abatement contemplated by the statute is in the first instance to be borne by the residuary legatees.

Bill in chancery. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1907. Affirmed in part and reversed in part and remanded. Opinion filed December 7, 1907.

Statement by the Court. This is a bill in chancery for partition, to quiet title, and for other relief. The land involved consists of about 1,600 acres in McLean county and about 400 acres in DeWitt county, which was the property of Joseph G. Moore at the time of his death on July 1, 1905. He left his widow, Sabina Moore, and his two brothers and a sister and certain nephews and nieces as his only heirs at law. By his last will and testament, George M. Kincaid was made executor and trustee, said will was duly admitted to probate in the County Court of DeWitt county, and the said executor duly qualified thereunder. The widow, Sabina Moore, duly filed her renunciation and thereupon became entitled to her statutory estate of homestead and to one-half of all the real and personal estate remaining after the debts were paid.

The present bill was filed by George M. Kincaid as executor and trustee, and by the widow, Sabina Moore, praying for a partition of the lands belonging to the testator at the time of his death, and setting up that by reason of the widow's renunciation it would be necessary for the court to equalize and adjust the various legacies and devises.

The provisions of the will which bear upon the questions presented by this appeal are the following: The first paragraph directs that all of the just debts and funeral expenses of the testator be fully paid as here-

inafter provided. The second bequeaths to the wife of the testator the use of the homestead property, except ten acres, for and during her natural life; an annuity of $2,000 per annum so long as she should live, with a provision that in certain contingency the same might be increased to $5,000; and also certain personal property. The third bequeaths the remainder of the personal property to Kincaid in trust, the proceeds to be applied to the payment of debts and funeral expenses. The fifth clause provides that all of the homestead property, consisting of about fifty acres in DeWitt county, should go to the school trustees, ten acres of which should be held for a site for a township high school at Santa Anna, and that the remainder should be sold and the proceeds used in the building of said township high school. The sixth clause reads as follows:

"I devise in trust for the purposes and upon the trusts hereinafter created and enumerated, to said George M. Kincaid, trustee, the following described lands situated in the county of DeWitt in the State of Illinois, to-wit: (describing certain lands). The devise of the above lands in this clause is upon the following trusts and conditions, to-wit: My said executor and trustee shall rent and collect the rents arising from said lands and apply the same towards the discharge of my indebtedness, and the payment of the specific legacies in this will mentioned (not, however, meaning hereby the legacies or annuities to be paid annually), the erection of the monument hereinafter mentioned, and the costs and expenses of the administration of my estate. After the payment of said debts, funeral expenses, specific legacies, and the expenses of said monument, and within a reasonable time thereafter, I direct that my said executor and trustee shall sell all of said lands, at either public or private sale, as to him may seem meet, and upon such terms as to him shall seem just and proper.   *   *   *"

It is then directed that out of the proceeds $2,000 shall be paid to the Library Association of Farmer

City, Illinois, and that the residue of the proceeds shall be applied and paid towards the erection and furnishing of a township high school building at Farmer City, to be known and distinguished as the "Joseph G. and Sabina Moore Township High School," and provides that the same should be erected under the supervision of Nelson Tull.

The seventh devises about forty-seven acres of DeWitt county land and eighty acres of McLean county land to Kincaid in trust, to sell and convey the same and apply the proceeds on the $20,000 mortgage on a portion of the McLean county lands. The eighth makes provision for $1,000 to be paid annually to Martha A. Booth during her natural life, to be paid to her in consideration of and on condition that she remains with the testator's wife and properly cares for her during her lifetime. The ninth gives Joseph Denny an annuity of $500 per year during his natural life; and the tenth, the testator's sister, Mrs. Hitt, an annuity of $1,000 per year during her natural life; the eleventh, Mrs. Wilson, a sister of the testator's wife, a legacy of $500; the twelfth gives Nelson Tull, a friend of the testator, a legacy of $500; the thirteenth, fourteenth, fifteenth and sixteenth give legacies of $500 each to four churches in Farmer City, Ill. The seventeenth directs that out of his personal estate there be purchased a monument, costing not to exceed the sum of $3,000, to be placed at his grave. The eighteenth directs that his personal estate is to be used for the payment of funeral expenses, the purchase of the monument, etc.; the nineteenth fixes the terms of the trust upon which the trustee shall hold the McLean county lands, and directs the sale of the same upon the expiration of the trust. The twentieth makes it the duty of the executor and trustee to pay all taxes promptly and not to allow any land to be sold for taxes, and to anticipate and provide for the payment of all debts, permitting no bill to foreclose to be filed. The twenty-first authorizes the trustee, when necessary, to renew

mortgages, or to make new mortgages on the McLean county land which he may deem necessary to raise any sums of money which he shall think necessary for the payment of debts, or such part thereof as the personal estate shall be insufficient to pay, and continues as follows:

"It is hereby made the duty of said trustee to use the annual income from my said lands, except said homestead lands, for the purpose of paying all deficiency on my said mortgage and indebtedness, that remains after the application of my personal estate, and the proceeds of the lands directed herein to be sold for that purpose. It being my intention that all deficiency in the payment of my debts, and specific legacies, after the application of my property as hereinbefore directed, shall be finally paid from the income derived from said lands, excepting said homestead lands and the land directed to be sold for the purpose of paying the mortgage indebtedness. It is not my intention, however, to devote the rents of my lands in the county of DeWitt aforesaid towards the payment of the annuities provided for in this will."

The twenty-first paragraph further provides:

"It is hereby made the duty of my said executor and trustee and his successor in trust, to rent said lands in the county of McLean aforesaid, making all leases in writing and for such time or times, not to .exceed twenty (20) years, as may be deemed most advantageous to my estate. Out of the net proceeds of the rents and profits, my said executor or trustee shall pay from time to time all my just debts and the legacies which my personal property is insufficient to pay, and the annuities herein created. It being my true intent and meaning that legacies and annuities herein provided for shall be paid out of the income of my said estate, and the power to renew mortgages or borrow money, by my executor or trustee, is for the sole purpose of enabling my executor, trustee and his successor in trust, to renew mortgages or borrow money for the purpose of paying my indebtedness, and such mortgages or debts so created by my said executor or

trustee, are to be discharged out of the rents and profits of said lands in the County of McLean. All legacies and annuities are to be paid out of the income, rents and profits of said last named lands, when practicable, excepting that nothing herein contained shall prohibit my said executor or trustee from paying any specific legacy from my personalty after my debts are paid.''

The twenty-second reads as follows:

''Out of the rents and profits of said lands in the County of McLean, I direct that my said executor and trustee shall first pay the taxes, insurance and necessary repairs and expenses of said trust. He shall next pay to my wife Sabina Moore the sum of $2,000 annually as long as she shall live, as hereinbefore provided. The annuity to Phœbe K. Hitt shall next be paid amounting to $1,000 per annum; the annuity to Martha A. Booth of $1,000 as hereinbefore provided shall next be paid; the annuity to Joseph Denny of $500 shall then next be paid. After these payments are made annually, the residue of the net income shall be applied to the payment of my debts as rapidly as the same can be paid from year to year until my entire indebtedness is fully paid.   *   *   *''

The twenty-third is as follows:

''I further will and direct that after the payment of my debts, funeral expenses, costs and expenses of administration and other necessary expenses, that the net proceeds of the income of my lands in the said County of McLean, after paying the annuities hereinbefore enumerated in the preceding clause of this will, be paid by said trustee or his successor in trust, as follows, until the sale of said lands.   *   *   *''

The decree finds that under the terms of the will and by reason of the renunciation of the widow, the widow became the owner of one-half of all the lands in fee, after the payment of the debts; that Kincaid, as trustee, under the fourth and seventh clauses of the will, became vested with the legal title to one-half of all the lands in McLean county, and under the sixth

and seventh clauses, to one-half of certain of the lands in DeWitt county; that under the fifth clause the trustees of schools became vested with the title to the remainder of the DeWitt county lands; that by reason of the widow's renunciation, all of the annuities, except the annual compensation to Martha Booth, should be abated one-half, but that the annuity of $1,000 to said Martha Booth, being a provision for services to be rendered to the widow, should not be abated.

The decree charges one-half of the indebtedness, exclusive of the costs and expenses of administration, to the widow and directs Kincaid as trustee of the DeWitt county lands to pay the remaining one-half thereof out of the rents and income from said lands, and to pay from the same source all specific money legacies other than annuities, the $3,000 provided for the erection of a monument, and the costs and expenses of administration. It is further decreed that the annuities to Mrs. Hitt and Joseph Denny, as abated, be paid from the income of the McLean county lands. From said decree Joseph Denny, George M. Kincaid, trustee, and the trustees of schools, appeal. No complaint is made of the decree, except insofar as it reduces the annuities of Denny and Mrs. Hitt, and charges the income from the DeWitt county lands with the payment of one-half of the indebtedness of the estate, with the payment of all the specific legacies other than annuities, and with the $3,000 provided for a monument, and with the costs and expenses of administration, instead of charging any portion thereof upon the income of the McLean county lands.

BARRY & MORRISSEY and HERRICK & HERRICK, for appellants.

R. W. MILLS, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

It is contended in behalf of Joseph Denny and Phœbe

K. Hitt that the annuities to them respectively should
not have been abated.  That section 79 of the Adminis-
tration Act is intended to apply only as between
legatees of the same class; that said annuities, being
specific legacies, should not be abated for the benefit
of the residuary legatees. . Said section provides, in
substance, that where a widow renounces all benefit
under a will, and the legacies and bequests therein con-
tained to other persons, shall in consequence thereof
become diminished in amount, quantity or value, it
shall be the duty of the court upon settlement of the
estate to abate from such legacies and bequests in
such manner as to equalize the loss sustained in cor-
responding ratio to the several amounts of such leg-
acies and bequests according to the amount or intrinsic
value of each.  Rev. Stat. 1905, 118.  In support of
such contention, counsel rely chiefly upon the case of
Lewis v. Sedgwick, 223 Ill. 213, where it is said:
"* * * if the estate for any reason should turn out
to be less than the testator anticipated, or if for any
reason there is required an abatement as to any of the
legacies, general legacies or residuary funds must first
be abated before any abatement of the specific legacies
could be required. We are of opinion that the shares
of * * * stock disposed of * * * are specific
legacies. The residuary fund under the will may be
classed as a general legacy. Section 79, for the equal-
izing of legacies, was passed in substantially the same
form as at present, in 1845. It is to be presumed that
the legislature had in mind the law requiring general
legacies first to be abated before trenching upon the
funds of the specific legatees. We do not believe it
was their intention to make a different rule in the case
of renunciation affecting legatees than in other cases
where legacies were diminished or increased, but rather
to apply the same rule. Such is the construction we
give to this statute."

The court there defines "specific legacies" in the
following language:  "The general rule has always

been that a specific legacy is a gift of a specific part of the testator's estate, identified and distinguished from all things of the same kind, and can only be satisfied by the delivery of that particular thing.''

All pecuniary bequests not within the foregoing definition, and it is manifest that those here involved are not, are ordinarily termed general legacies, whether directed to be paid in gross or in installments at stated periods, and neither is entitled to priority over the others, in case an abatement is necessary, unless a different intention appears from the will itself. Williams on Executors, p. 1367; Emery v. Batchelder, 78 Me. 233; University Appeal, 97 Pa. St. 187; Wœrner on Adm., p. 452. But while the so-called specific legacies and the annuities here in question, stand upon the same footing as to propriety, we do not think it is contemplated by the statute that such general legacies should abate for the benefit of residuary legatees. Nor does the Lewis case, *supra,* so hold. It is undoubtedly true, as is there stated, that under the statute general or residuary legacies must abate for the benefit of specific legacies if necessary. That is to say, that when no residuum exists, the general legacies must abate for the benefit of specific legacies. We do not understand, however, that where there is ample estate to pay both specific and general legacies, the latter must abate for the benefit of residuary legatees. Residuary legacies carry only that which is left after all express or prior dispositions of the testator have been satisfied; hence residuary legatees can in no case call upon general or specific legatees to abate unless it is expressly so provided by the terms of the will. 2 Redf. on Wills, 451; Wœrner on Adm., 452.

We think the chancellor properly held that the land located in DeWitt county was alone chargeable with the payment of the money legacies other than the annuities, the fund provided for the erection of a monument, and the costs and expenses of administering the estate. While there are general expressions in other

clauses of the will which seem contradictory thereto and inconsistent therewith, we are satisfied from a consideration of the entire will that the intention of the testator is expressed by the sixth clause, which, in effect, charges the same upon the DeWitt county lands alone. Moreover, in view of the fact that all of the real estate is subject to be charged with the payment of the debts and costs and expenses of administration, in the event that it should become necessary to resort thereto, insofar as such debts and costs are concerned, the expressions contained in the clauses other than the sixth are not necessarily in conflict or inconsistent therewith.

In this particular the decree of the Circuit Court is affirmed. Insofar as it abates the annuities to Joseph Denny and Phœbe K. Hitt it is reversed. The cause is therefore remanded with directions to the Circuit Court to proceed in accordance with the views herein expressed.

*Affirmed in part, reversed in part, and remanded with directions.*