DeGrasse v. H. W. Gossard Co.

**Consuelo Fould DeGrasse, Appellee, v. The H. W. Gossard Company, Appellant.**

**Gen. No. 14,113.**

APPEAL—*when decree not final for purposes of.* A decree rendered upon a bill for accounting which establishes the right to the accounting, is interloctutory and not final.

Bill for accounting, etc. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Appeal dismissed. Opinion filed January 14, 1908. Rehearing denied January 24, 1908.

HOFFMANN & CARR, for appellant; LEON S. ALSCHU-
LER, of counsel.

SHOPE, ZANE, BUSBY & WEBER, for appellee; HAYES
McKINNEY, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion
of the court.

This is a motion by appellee, complainant in the Cir-
cuit Court, to dismiss the appeal on the ground that
the decree appealed from is interlocutory only, and
not final.

The bill, as amended, avers that complainant was
the owner of United States letters patent No. 703,191,
covering a certain device in busks for corsets; that
she entered into a contract in writing with defendant,
which is set forth in the bill; that by mistake the num-
ber of said letters patent stated in said contract was
803,191, in place of 703,191. The contract set forth
in the bill bears date August 1, 1903; it provides that
the defendant shall have the exclusive right to manu-
facture and sell in the United States corsets embody-
ing said improvement during the life of the patent;
that it shall pay complainant, as a royalty or license
fee, four francs on each corset manufactured, and
shall manufacture at least 2,160 corsets each year;
that it shall make to complainant quarterly reports of
the number of such corsets manufactured and sold;
that in case of failure to make such reports, complain-
ant may, by giving the notice therein specified, termi-
nate such license; that if at the end of any year the
sums paid as license fees shall not have amounted to
at least $1,728 for each year, complainant may, by
giving like notice, terminate the license; that such
termination of the license shall not discharge the de-
fendant from liability to the complainant for license
fees due at the time of such termination.

The bill then avers that defendant has manufactured
a large number of corsets embodying said improve-

DeGrasse v. H. W. Gossard Co.

ment; that it has failed to keep proper books, failed to make any reports to complainant or to pay any license fees to complainant; that October 14, 1905, because of such failure, complainant, by notice pursuant to the terms thereof, terminated said contract and demanded of defendant the return of said original letter's patent and an accounting under said contract, but defendant has refused to return said letters or to account to complainant for the sums due her under said contract; that other persons and corporations have manufactured and sold large numbers of said corsets for the defendant and by and under its direction and authority; that the number of corsets embodying said invention sold by the defendant and by others for it and under its direction has been in each year largely in excess of said minimum number of 2,160; that the number of corsets so manufactured and sold is not known to complainant and cannot be ascertained except upon an accounting; that the accounts, records and information in relation to the manufacture and sale of said corsets are exclusively under the control and within the knowledge of the defendant, its officers and agents, and that complainant is, by reason of the premises, entitled to an examination and inspection of defendant's books and records.

The bill prays for a discovery of the number of corsets manufactured or sold, etc.; that the contract may, as to the mistaken description of said letters patent, be reformed; that said contract may be enforced; that the defendant may be directed to produce its books, etc., for the inspection of complainant; that an accounting may be had as to the amount due complainant from defendant under said contract; that defendant be decreed to pay the amount so found due, and for general relief.

The defendant demurred to the bill, its demurrer was overruled, and the defendant elected to stand by said demurrer and "waived plea or answer to said amended bill of complaint." The decree appealed

from was then entered. It must be regarded as a decree on a bill taken as confessed, although there is in the record no order that the bill be taken as confessed by the defendant. "The demurrer by a defendant and the decision against him by the court are fully equivalent to taking the bill as confessed by him." Savage v. Berry, 2 Scam. 545, 548.

We do not deem it necessary to consider the findings of fact contained in the decree, but only the adjudications and orders therein contained. It declares that said contract should be corrected in respect to the numbers of the letters patent, and orders that such correction be made; it orders that defendant account to complainant for all corsets embodying said improvement manufactured and sold by it, or by others for it, or on its behalf, from August 1, 1903 to *December* 14, 1905; it refers the cause to a master to take and state the account between the parties; orders the defendant to produce before the master its book and papers; orders that the master charge the defendant with $1,728 per year for the period from August 1, 1903, to October 14, 1905, amounting to $3,792, and further charge the defendant with four francs for each corset embodying such busk improvement, which the master shall, from the proofs, find was manufactured and sold by defendant, or others for the defendant, from August 1, 1903, to *December* 14, 1905, in excess of the minimum of 2,160 in said contract provided. It then sets out in much detail the matters and things which, at the hearing before the master, the defendant shall "discover, disclose and answer," all of which matters appear to relate to the number of such corsets manufactured and sold by defendants or by others for it. The decree concludes as follows: "8. That the court retain jurisdiction hereof for the purpose of entering such further order and decree herein as the case may require."

If the purpose and scope of the bill was only to reform the contract and enforce it by a decree that

the defendant pay to complainant $1,728 per year for the period from August 1, 1903, to October 14, 1905, there would be much force in the contention that the decree is final. But the scope of the bill is much wider. It alleges that the defendant manufactured and sold or caused to be manufactured and sold many more corsets than 2,160 each year, the minimum number upon which the right to a decree for $1,728 for each year is based. Complainant, by the bill, seeks to compel the defendant to account to her for all the corsets embodying her invention manufactured and sold by it, or by others for it, up to the time the license was terminated, and to charge the defendant not only with $1,728 per year, but, in addition thereto, with four francs for each corset so manufactured and sold in excess of 2,160 in any year, and the decree orders that the defendant so account and be so charged.

In the notes to 2 Daniels' Chan. Prac. 986, it is said that "The courts have not laid down any satisfactory definition of what is an interlocutory decree. &ast; &ast; &ast; Generally, where anything is to be done to complete the decree which is the subject of exception or appeal, it is not final, but interlocutory."

In Cooke v. Gilpin, 1 Rob. Va. 20, Mr. Justice Baldwin said, p. 27: "Where the further action of the court in the cause is necessary to give completely the relief contemplated by the court, there the decree upon which the question arises is to be regarded not as final, but interlocutory. I say the further action of the court in the cause, to distinguish it from that action of the court which is common to both final and interlocutory decrees, to wit, those measures which are necessary for the execution of a decree that has been pronounced, and which are properly to be regarded as adopted, not in, but beyond, the cause, and as founded on the decree itself or mandate of the court, without respect to the relief to which the party was previously entitled upon the merits of his case."

It would seem from the last clause in the decree

that the court only intended such decree to be inter-locutory, and not final as to any of the grounds of relief set up in the bill. But however that may be, at least one material ground of relief set up in the bill, the right to an accounting and a decree of four francs for each corset manufactured and sold in any one year in excess of 2,160, remains undisposed of, and a party cannot bring a case up for review piecemeal. "A cause must be finally disposed of in the court below before either party can appeal." Sholty v. Sholty, 140 Ill. 81-89.

The decree that the defendant account to complain-ant, and in such account be charged four francs for each corset manufactured in any year in excess of 2,160, is clearly not final. It is the common inter-locutory order or decree entered when the complain-ant is entitled to an account. Before the master, either party may except to his draft report as to the number of corsets in excess of 2,160 manufactured and sold by or for the defendant in any one year, and on the coming in of his report may except thereto before the court and appeal from the decree then entered.

The decree in the case before us being interlocutory only, the appeal must be dismissed.

*Appeal dismissed.*