## Consuelo Fould de Grasse, Appellee, v. The H. W. Gossard Company, Appellant.

### Gen. No. 14,113.

1. CHANCERY—*when will take complete jurisdiction.* If chancery has jurisdiction upon one ground, it will retain the cause and do complete justice between the parties.

2. CHANCERY—*what within jurisdiction of.* Chancery has jurisdiction to correct a mutual mistake of fact made in a contract.

3. CHANCERY—*when will take jurisdiction.* If the remedy at law is inadequate, equity will take jurisdiction.

4. CHANCERY—*section 23 of act construed.* Every defendant, whether a corporation or an individual, may be required to make full answer, both as to allegations and interrogatories, even where the oath is waived, and if the defendant attempt by demurring to evade answering, the court may, in granting relief that involves a reference to a master, require the defendant, before the master, not merely to testify generally but to testify and answer specifically such proper interrogatories as may be contained in the bill.

Bill for accounting. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed December 7, 1909. Rehearing denied December 17, 1909.

EDMUND S. CARR, for appellant; LEON S. ALSCHULER, of counsel.

SHOPE, ZANE, BUSBY & WEBER and HAYES McKINNEY, for appellee.

de Grasse v. The H. W. Gossard Co., 152 Ill. App. 58.

Mr. Justice Mack delivered the opinion of the court.

A bill was filed by appellees against appellant, setting out that the parties had entered into a contract whereby complainant had licensed defendant to manufacture under a patent on a royalty per piece, with a guaranty of a minimum amount, and under which contract the defendant was to furnish the complainant with sworn quarterly statements of all sales made. The contract further provided that unless a certain amount had been sold the license could be revoked and that if revoked the defendant should be obligated to return the original letters patent to the complainant.

The bill alleged that the number of the letters patent stated in the contract was erroneous; that a different number was mutually intended by the parties; that the defendant had failed to furnish the sworn statements required by the contract, had failed to render any account of the sales made by it; that it transacted its business in such a way as to make the accounting complicated, involving numerous transactions and the examination of many books; that the defendant had not kept proper books as provided by the contract, but had kept false and fraudulent books of account and had caused such false and fraudulent books of account to be kept by others so as to prevent complainant from ascertaining the number of corsets manufactured and sold by it, and had not permitted the complainant to examine its real or proper books of account showing the actual number of corsets so manufactured and sold, but on the contrary had refused to permit such examination; that demand had been made for the sworn statements provided for in the contract and for payment of the amounts due thereunder, but that the same had been refused; that the license had been revoked and the original letters patent demanded back, and that the defendant had refused to return them; that all of the accounts, records, data and information were within the knowledge and

control of the defendant and could not be obtained by the complainant without the accounting.

The bill prayed for a correction of the contract and its enforcement, the production of all books of account for examination, and for an accounting between the parties of the amount due, and the payment over of a sum that might be found due. In addition to this there was a prayer for general relief and a specific prayer that the defendant might be required to answer certain interrogatories which were set out in full in the bill and which were directed to ascertaining specifically the number of corsets sold under the license by the defendant and those acting under its permission.

The court overruled a general and special demurrer to this bill, the point of special demurrer being the uncertainty and ambiguity of the allegations of fraud in the keeping of the books of account.

The court thereupon entered a decree finding the facts as alleged in the bill, correcting the mistake in the number of the letters patent as recited in the contract and directing the defendant to produce before a master in chancery its books of account and papers and to render a proper account in accordance with the terms of the contract. In and by the decree the cause was referred to a master in chancery to take the proofs and to state the account on the basis fixed by the court, being that specified in the contract. The decree further provided that at the hearing before the master the defendant should discover and answer the specific interrogatories set forth in the bill of complaint.

The appeal from this decree was dismissed by this court on the ground that it was interlocutory, and on further appeal to the Supreme Court the judgment of this court was reversed and the cause was remanded, the Supreme Court holding that the decree was final. De Grasse v. Gossard Co., 138 Ill. App. 375; De Grasse v. Gossard Co., 236 Ill. 73. The question that is there-

fore presented to us is whether the allegations of the bill justify the decree.

It is urged in the first place that this is a bill for an accounting, and that under the authority of County of Cook v. Davis, 143 Ill. 151, the remedy at law is adequate. It is unnecessary for us to determine whether this case falls within the scope of that decision, because the present case is not merely a bill for an accounting, but it is also a bill for the correction of a mutual mistake embodied in a written contract. The jurisdiction of equity to correct mistakes of this kind has long been settled. If the court of equity properly acquires jurisdiction for this purpose, it will, wherever feasible, do complete justice between the parties, even though a court of law could give a remedy under the corrected contract. We have no doubt of the jurisdiction of the court of equity to entertain this bill.

If this were a bill to rescind a contract because of some fraud it may be that the specifications of fraud would not be sufficient, but in this case fraud is not the basis of the jurisdiction and the allegations in respect to the fraudulent character of the books are, under the circumstances, entirely adequate.

The bill could moreover be sustained for other reasons. The defendant has specifically agreed to furnish sworn statements of account. A court of law could give no adequate remedy for the performance of such a contract, and therefore defendant would be entitled to specific performance thereof. This provision of itself would be sufficient justification for the decree that the defendant specifically answer under oath the interrogatories contained in the bill. Then, too, the defendant is specifically obligated to return the original letters patent. The remedy at law for the recovery of these is also totally inadequate. They have no intrinsic value, but they may have great evidentiary value to the owner thereof. Equity will take jurisdiction of a bill specifically to recover them.

This is in no sense, as defendant seems to suppose,

a bill for discovery. It is a bill for relief and discovery incidental thereto.

We agree entirely with the argument of complainant that under section 23 of the Chancery Act every defendant, whether a corporation or an individual, may be required to make full answer, both as to allegations and interrogatories, even where the oath is waived, and that if defendant attempt by demurring to evade answering, the court may, in granting relief that involves a reference to a master, require the defendant before the master, not merely to testify generally but to testify and answer specifically such proper interrogatories as may be contained in the bill.

The judgment of the trial court will be affirmed.

*Affirmed.*