**Sarah J. Conant, Appellant, v. Elgin City Banking Company, Executor of the Last Will and Testament of George E. Hawthorne, Deceased, et al. Mary E. Willard, Appellee.**
**Emma J. Hawthorne, Appellee, v. Same.    Mary E. Willard, Appellant.**

### Gen. Nos. 7,017 and 7,214.

1. JUDGMENTS—*retention of control after term by interlocutory order.* A proceeding for the distribution of the estate of a decedent remained undisposed of in the circuit court after appeal from the probate court notwithstanding the circuit court had ordered distribution of one-half of testator's personal estate in kind to the surviving widow, after her renunciation of the will under Dower Act, sec. 12, Cahill's Ill. St. ch. 41, ¶ 12, where such order contained a provision that the cash on hand should remain in the estate "to await final distribution according to law, and that final settlement shall hereafter be made  *  *  *  in such manner as the court may direct," and the circuit court had jurisdiction of the proceeding after term to modify the previous order for distribution in kind to the widow.

2. WILLS—*right of equalization of legacies and bequests after election against will.* The provisions of Administration Act, sec. 79, Cahill's Ill. St. ch. 3, ¶ 80, for equalization of legacies and bequests in case of renunciation to adjust losses sustained or advantages gained, is applicable in case of an election by the surviving widow under Dower Act, sec. 12, Cahill's Ill. St. ch. 41, ¶ 12, to renounce the provisions of the will in her favor, and where such renunciation leaves the personal estate insufficient to pay all legacies and bequests in full, residuary and general legacies must first abate

and specific legacies be paid in full so far as possible, and it is error in such case to order distribution to the surviving widow of one-half in kind of all personal property belonging to the estate of the testator.

3. WILLS—*application of bequests to widow, after her election against will, to equalization of abated legacies.* Bequests to a widow who has renounced the provisions of the will in her favor, under Dower Act, sec. 12, Cahill's Ill. St. ch. 41, ¶ 12, and elected to take her statutory portion, should be sequestered in a proper proceeding to raise a fund for the benefit of legatees whose legacies have been abated by reason of her election.

Consolidated appeals from the Circuit Court of Kane county; the Hon. ADAM C. CLIFFE, Judge, presiding. Heard in this court at the April term, 1923. Affirmed in part and reversed in part. Opinion filed February 16, 1924. *Certiorari* denied by Supreme Court (making opinion final).

JOHN K. NEWHALL, JOSEPH M. MANLEY and FRANK W. SHEPHERD, for SARAH J. CONANT.

FRANK J. MCCARTHY and J. VINCENT MCCARTHY, for MARY E. WILLARD.

CHARLES B. HAZLEHURST, GEORGE D. CARBARY and C. F. IRWIN, JR., for EMMA J. HAWTHORNE.

MR. JUSTICE JONES delivered the opinion of the court.

The questions raised in this case involve the same questions raised in the case of *Sarah J. Conant v. Elgin City Banking Company, etc., Mary E. Willard, Appellant,* decided by this court at the October term, 1922, in which case a petition for a rehearing was filed. We have granted a rehearing in that case and consolidated it with this one. The questions in both cases involve the proper methods of distributing the estate of George E. Hawthorne, deceased. George E. Hawthorne died testate January 20, 1919, in the City of Elgin, in Kane county, leaving surviving him his widow, Emma J. Hawthorne, but no children. He also left him surviving his sisters, Sarah J. Conant and

Ellen M. Hawthorne. By reason of the death of Ellen M. Hawthorne, as well as by reason of a transfer made by her, Sarah J. Conant became vested with all the interest in said estate devised and bequeathed to her sister, Ellen M. Hawthorne.

By his last will and testament, which was admitted to probate March 11, 1919, by the probate court of Kane county, George E. Hawthorne disposed of considerable property. The first and second clauses of his will provided for the payment of his debts and the erection of a tombstone at his grave. By the third clause he devised his residence property to his wife and bequeathed to her certain chattel property. The fourth clause provided a minor specific legacy to Ralph W. Hawthorne. By the fifth clause he gave to Mary E. Willard thirty shares of the capital stock of Swift & Company, fifty shares of the capital stock of the Chicago Mill & Lumber Company (preferred), twenty shares of capital stock of Deere & Company (preferred). By the sixth clause the testator gave to the Elgin City Banking Company the sum of $300 to be held in trust and apply the proceeds to the care of the testator's cemetery lot. By the seventh clause he gave to the same corporation two hundred shares of stock in various companies, including fifty shares of the stock of Swift & Company and fifty shares of the stock of the Chicago Mill & Lumber Company. He also devised certain real estate to said corporation. These gifts were in trust with power to collect the income therefrom, pay taxes and insurance, make repairs, etc., and to pay the net income thereof to his wife, Emma J. Hawthorne, during her life in regular quarterly payments. The eighth, ninth, tenth, eleventh, twelfth and fourteenth clauses further define the rights and powers of said trustee, and provide for the application of the funds to uses therein enumerated after the death of his wife. By the thirteenth clause he gave all the rest, residue and remainder of his es-

tate to Sarah J. Conant and Ellen M. Hawthorne, equally. The Elgin City Banking Company was made executor of his will.

On March 27, 1919, the widow renounced under the will and elected to take under section 12 of the Dower Act [Cahill's Ill. St. ch. 41, ¶ 12]. It is conceded that upon such renunciation she became entitled to one-half of the real estate and one-half of the personal estate remaining after the payment of debts and claims against the estate. The amended final report of the executor was filed on August 17, 1920. The report prayed that the court direct the executor to turn over to the widow one-half of all money, stocks and bonds in the hands of the executor as shown by the final report, and to turn over to Mary E. Willard the specific stock bequeathed to her of the value of $10,775 and to the Elgin City Banking Company the specific stocks bequeathed to it, amounting to $21,828.07, based upon the valuation placed upon the stock in the inventory. The probate court approved the report on November 30, 1920, after overruling objections thereto. From this order Emma J. Hawthorne and Sarah J. Conant appealed to the circuit court of Kane county, where the appeals were consolidated, and on August 15, 1921, an order was entered by the circuit court directing the executor to deliver to the widow one-half in kind of the several corporate stocks and United States bonds in the hands of the executor, as shown by the amended final report, which distribution was due to the widow by reason of her renunciation of the will; that the executor also pay to the widow one-half of all the income which had been received by the executor upon the stocks and bonds subsequent to May 15, 1920; and that the cash on hand remain in the estate to await final distribution according to law. From this order Mary E. Willard prosecuted an appeal to this court, being the case above mentioned. The only question raised in that appeal is whether the circuit court was in error in ordering the executor to deliver to the

widow one-half in kind of the several corporate stocks owned by the testator at his death.

On December 30, 1922, the circuit court of Kane county entered a final order based upon the final report as finally amended and an order approving the same entered by the probate court, after Mary E. Willard had appealed to this court. This report and order provided for the payment to Emma J. Hawthorne of one-half of the estate by the executor out of property not specifically bequeathed so far as possible; that there be delivered to Mary E. Willard the stock bequeathed to her of the value of $10,775 and to the Elgin City Banking Company, trustee, money, stocks and bonds bequeathed to it of the value of $21,828.07, basing the value of all stocks on the valuation placed thereon in the inventory filed in said estate. The final order of the circuit court adopted the order of the probate court as its own order and from that order Sarah J. Conant perfected an appeal to this court. She contends that the original order of the circuit court, from which Mary E. Willard appealed, is the correct order and that upon a renunciation and election to take under section 12 of the Dower Act, the widow at once becomes the owner of one-half of all real estate in fee simple and becomes at once entitled to one-half of all personal property; that her interest in both the real and personal property is an undivided one-half part of each item thereof; that the proper course for distribution of the personal estate is to deliver to her one-half of all the personal property in kind after the payment of debts, claims and costs; and that specific as well as general and residuary legatees must contribute to raise her share.

She further contends that the order of the circuit court of Kane county entered at the November term, 1922, on December 30, 1922, was void in so far as said order undertook to change or modify the order of the court entered on August 15, 1921, directing the executor to deliver over in kind to the widow, Emma J.

Hawthorne, one-half of all the personal assets. The contention is that after the expiration of the May term, 1921, of the circuit court of Kane county, there was no jurisdiction vested in the circuit court to enter any order modifying or changing the order entered at that term on August 15, 1921.

With respect to the last question it is well to note that the circuit court by its order of August 15, 1921, provided: "The cash on hand as shown from said amended final report shall remain in said estate to await final distribution according to law, and that final settlement shall hereafter be made by said executor with said Emma J. Hawthorne, in such manner as the court may direct." It will thus be seen that the court retained jurisdiction of the cause with respect to the rights of Emma J. Hawthorne until the time of final settlement. The cause remained undisposed of until such further orders were entered and the judgment did not become final as to her interests. It did not terminate litigation between her and the remaining parties to the cause. No appeal will lie from an interlocutory order, unless especially provided by statute. (*Sholty v. Sholty,* 140 Ill. 81; *Rosenthal v. Board of Education,* 239 Ill. 29.) Until final judgment shall be rendered in the suit, the whole record is before the court and an interlocutory order or judgment may be corrected at any time, whether the term at which the same was entered has passed or not. (*Sholty v. Sholty, supra; Cook v. City of Marseilles,* 139 Ill. App. 536.) We are of the opinion that the court had jurisdiction of the cause on December 30, 1922, to enter the order appealed from by Sarah J. Conant.

Upon her renunciation and election to take under section 12 of the Dower Act, the widow, Emma J. Hawthorne, became seized in fee simple of an undivided one-half of all of the real estate owned by the deceased at the time of his death and she also became entitled to receive in value from the personal representative a one-half part of all his personal estate. The re-

nunciation did not leave property not specifically bequeathed to the widow intestate property. (*Lewis v. Sedgwick,* 223 Ill. 213; *Laurence v. Balch,* 195 Ill. 626.) "A provision in the will in favor of the widow is in legal effect an offer by the testator to purchase her statutory interests for the benefit of his estate." (*ReQua v. Graham,* 187 Ill. 67; *Lewis v. Sedgwick, supra.*) Upon her refusal to accept the offer in the will she acquires her interest under the statute the same as if there was no will but her renunciation does not make any of the estate outside of her interests intestate.

All legatees including the specific legatees take subject to the widow's rights and they will be compelled to accept an abatement to pay the widow's share, if the estate is not sufficient for that purpose without such abatement. Section 79 of the Administration Act [Cahill's Ill. St. ch. 3, ¶ 80] provides in substance that where a widow or a surviving husband renounces the will and the legacies and bequests to other persons become diminished or increased, the court on the settlement of the estate shall abate or add to such legacies and bequests so as to equalize the loss or advantage. The appellants contend that this section of the statute does not apply in a case where the surviving widow or husband elects to take under section 12 of the Dower Act, but only when she or he elects to take under section 10 of the Dower Act [Cahill's Ill. St. ch. 41, ¶ 10].

In support of this contention, the appellants rely upon the case of *Dunshee v. Dunshee,* 263 Ill. 188. But in that case the complainants were devisees who had been disappointed to the extent of one-half the devise to each of them. The prayer of the bill was that the court marshal the assets, both real and personal, of the estate of Robert Dunshee and that the residuary fund be applied towards the satisfaction of the claims and demands of Sadie K. Dunshee, as widow, then towards reimbursing the complainants for the value of the lands taken from them by the widow upon her

renunciation of the provisions of the will. The bill further prayed that if such residuary fund should not be sufficient for such purposes that the court sequester so much of the legacies provided in the will as might be required to make up the deficiency, thus throwing the burden of the losses sustained by the complainants, by reason of the renunciation, upon the legatees in the will. The court held that as among the devisees the renunciation itself equalized the losses because the widow took an undivided one-half of every part of the real estate; that section 79 of the Administration Act by its terms applied only to legacies and bequests and that there is no provision in the law for the equalization of losses as between legatees and devisees. The holding of the court is summarized as follows: "The devisees under this will do not have the right to demand contribution from the general or residuary legatees to compensate them for that part of the estate devised of which they have been deprived by the renunciation of the widow." The court further said in that opinion: "Our statute nowhere provides for the equalization of devises, bequests and legacies in case of renunciation, and in view of the language of section 12 of the Dower Act we perceive no ground upon which the aid of a court of equity can be invoked to effect such an equalization." The court did not pass upon the application of section 79 to legacies and bequests alone.

Said section 79, however, provides for an equalization of legacies and bequests in case of renunciation to adjust the loss sustained or advantage derived thereby in a corresponding ratio to the several amounts of such legacies and bequests. In passing upon that section of the statute the Supreme Court held in the case of *Lewis v. Sedgwick, supra,* that if for any reason there is required an abatement as to any of the legacies, residuary funds and general legacies must first be abated before any abatement of the specific legacies can be required. The court further

held that section 79 of the Administration Act is to be construed with this rule of law in mind and that when abatement is required by renunciation as well as for any other reason, the residuary and general legacies first abate and the specific legacies be paid in full, if possible. The ruling in this case is followed in the case of *Kincaid v. Moore*, 138 Ill. App. 23. The gifts of stock to Mary E. Willard and to the Elgin City Banking Company were specific legacies. (*Lewis v. Sedgwick, supra.*) It follows that the order of the circuit court approving the order of the probate court in the case of *Sarah J. Conant, Appellant, v. Elgin City Banking Company, Executor of the last will and testament of George E. Hawthorne, deceased, et al., Appellees,* directing that the residuary and general legacies abate and that the specific legacies be paid in full so far as possible, was correct. But the order of the circuit court in the case of *Sarah J. Conant v. Elgin City Banking Company, Executor of the last will and testament of George E. Hawthorne, deceased, et al., Mary E. Willard, Appellant,* directing the executor of the estate of George E. Hawthorne, deceased, to deliver to the widow, Emma J. Hawthorne, one-half in kind of all personal property belonging to said estate, was incorrect. The decree of the circuit court in the former case must be affirmed. In the latter case the decree of the circuit court will be reversed and the order of the probate court affirmed.

We are also of the opinion that under the authority of the cases of *Wilbanks v. Wilbanks*, 18 Ill. 17; *Carper v. Crowl*, 149 Ill. 465; *Bell v. Nye*, 255 Ill. 283; *Wakefield v. Wakefield*, 256 Ill. 296; *Dunshee v. Dunshee, supra,* the bequests to the widow, Emma J. Hawthorne, ought to be sequestered in a proper proceeding therefor in order to raise a fund for the benefit of the disappointed legatees. The interests in remainder will not be accelerated for this reason.

*Affirmed in part and reversed in part.*